[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11231
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-23232-KMM ; 10-03321-AJC

IN RE: AKRAM NIROOMAND,

                                                                Debtor.

_____

ALAN L. GOLDBERG,

                                                                Plaintiff-Appellant,

                              versus

HOWARD D. ROSEN,
DONLEVY-ROSEN & ROSEN, P.A.,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 17, 2012)

Before CARNES, WILSON, and HILL, Circuit Judges:

PER CURIAM:

Alan Goldberg, Trustee, appeals from the district court's Final Order affirming the bankruptcy court's Order and Final Judgment in this action. For the following reasons, we shall affirm the district court's Final Order.

## I.

Alan Goldberg is the bankruptcy trustee in the Chapter 7 bankruptcy of Debtor, Akram Niroomand. In May of 2008, a judgment of $2,930,899.97 was entered against the Debtor.[1] About a year prior to this judgment, and eighteen months prior to filing for bankruptcy protection, the Debtor hired Howard D. Rosen and Donlevy-Rosen & Rosen, P.A. to prepare numerous legal documents and to create and fund the Niroomand Family Trust, an off-shore asset protection trust. The Debtor paid the law firm $45,000 in fees and costs for these services. At a later point, the Debtor repatriated the trust funds for fear of being held in contempt of the judgment against her.

The Trustee brought the underlying adversary proceeding against the defendants seeking to recover the attorneys' fees and costs as fraudulent transfers under 11 U.S.C. § 548. The Trustee's theory of fraud was that the Debtor was

---

[1]The bankruptcy court found these facts after a bench trial.

insolvent at the time of these transfers.  The Trustee also asserted damage claims for legal malpractice and unjust enrichment against the defendants.

## II.

The bankruptcy court conducted a bench trial of the Trustee's claims.  The Trustee presented only the testimony of the Debtor and then rested, although the district court admitted "voluminous documentary and testimonial evidence." Included in that evidence was the Debtor's Affidavit of Solvency executed when she retained the defendants' services in which she testified that she was solvent and could pay her anticipated debts, including lawsuit judgments.  The record contained as well her Verified Answers to Written Questions. The Trustee offered no expert testimony in support of his legal malpractice claim against defendants.

The Debtor testified that she was insolvent at the time of the transfers, but the record evidence, including her affidavits of solvency, was used to impeach her. As a result, the bankruptcy court did not credit her testimony.  Instead, in response to defendants' oral motion for judgment based on partial pleadings pursuant to Fed. R. Civ. P. 52(c), the court found the following:

> The plaintiff's case consisted of one witness, which in the first place the Court did not find credible, but, in addition, the evidence presented is rather clear.
> While, I never found any evidence about legal malpractice, I'm looking for what could possibly be argued as unjust enrichment.  As to the constructive fraud, fraudulent transfer, the Court thinks it's abundantly clear that there's been no establishment of insolvency.

3

In fact, the record is abundant with records of solvency. The witness signed a solvency affidavit, which she said she did not read, but the Court notes – noted that the witness could remember some things in the way of financial numbers of a rather complicated structure down to the penny, and other things, she couldn't remember at all.

But aside from that, it's the opinion of the Court that the plaintiff's case is woefully lacking in any proof on any of the counts, and, therefore, the motion to dismiss should be granted.

In denying the Trustee's motion for a new trial, the bankruptcy court noted that the evidence at trial "consisted solely of the testimony of witnesses whose testimony totally supported the Defendants," and that "the evidence in this case is woefully lacking – in fact, the evidence is non-existent."

In reviewing the bankruptcy court's judgment, the district court concluded that the evidence in support of the Trustee's claims was "woefully lacking." The district court noted that there was no evidence of legal malpractice or unjust enrichment, and that the credible evidence supported a finding that the Debtor was solvent, not insolvent, at the time she made the transfer.

Our review of the record supports the district court's view. We do not find any support in the record for the Trustee's claim that the bankruptcy court did not consider the documentary evidence in reaching its conclusions. Nor do we find support for the Trustee's assertion of clear error in the bankruptcy court's finding that the Debtor was solvent at the time of the transfers. *See* Fed. R. Bankr. P. 8013; *Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*, 527 U.S. 308

(1999) ("findings of fact shall not be set aside unless clearly erroneous").  The bankruptcy court heard the Debtor's testimony and discredited it.  This is entirely within its province.  Fed. R. Bankr. P. 8013.  *See Grupo, id.*  ("due regard shall be given to the opportunity of the [bankruptcy] court to judge the credibility of the witnesses").  Further, the record supported a finding that the Debtor was solvent at the time of the transfer so that the bankruptcy court was entitled to make such a finding.

Finding no clear error, we shall affirm the judgment of the district court upholding the bankruptcy court's Final Judgment.

There are cross-motions for sanctions pending in this case.  In addition there is a motion to strike portions of the Trustee's reply brief.  Finding no merit to these motions, they shall be denied.

AFFIRMED.  ALL PENDING MOTIONS DENIED.